IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RITCHIE MOORE,**

    Plaintiff,

v.                                                             CIVIL ACTION NO. 3:13-CV-151
                                                                   (JUDGE GROH)

**SMITHAHN COMPANY, INC.,**
A Pennsylvania corporation; and
**ESSROC CEMENT CORP.,**
A Pennsylvania corporation,

    Defendants.

## ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

Pending before this Court is Defendant Essroc Cement Corporation's "Motion for Leave to File Third-Party Complaint" [Doc. 47]. Defendant Essroc moves this Court for leave to file and serve a summons and third-party complaint on M.K.7 Corporation, a nonparty who is allegedly contractually liable to indemnify Essroc for any costs, claims, and damages that may be assessed against Essroc in this matter.

Federal Rule of Civil Procedure 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." See also Erickson v. Erickson, 849 F. Supp. 453, 457 (S.D.W. Va. 1994) ("Rule 14(a) states that a third party action may be maintained against one who is or may be liable to [the defendant] for all or part of the plaintiff's

claim.").

In this case, Defendant Essroc filed and served its original answer on November 19, 2013. Defendant Essroc filed its motion for leave to file third-party complaint on June 9, 2014. Therefore, Defendant Essroc must obtain the Court's leave to file its third-party complaint. Plaintiff Ritchie Moore and Defendant Smithahn Company, Inc. did not file responses to Defendant Essroc's filing of the third-party complaint.

Upon reviewing Defendant Essroc's motion, the Court finds that it is in the interests of judicial economy to resolve the issue of the rights and responsibilities of M.K.7 Corporation, the purchaser of the steel that caused the injury of which the Plaintiff complains, to Essroc, the seller, under the agreement governing the sale of equipment in the same civil action. Additionally, Rule 14 permits one defendant to implead another entity that may be derivatively liable, in part or in whole, for the underlying litigation. Accordingly, Defendant Essroc's "Motion for Leave to File Third-Party Complaint" [Doc. 47] is **GRANTED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** June 30, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE